## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **DALE FULTON and KELLY BISHOP-FULTON**, parents on behalf of E.F. (minor child), 13444 New Hope White Oak Road Sardinia, Ohio 45171 | Civil Case No.: 1:15-cv-00053 <br><br> Judge: _____ <br><br> Magistrate: _____ |
| **PLAINTIFFS,** | |
| v. | |
| **WESTERN BROWN SCHOOL DISTRICT** 524 West Main Street Mt. Orab, Ohio 45154, | |
| **WESTERN BROWN LOCAL BOARD OF EDUCATION** c/o JoAnn Hildebrandt, President 524 West Main Street Mt. Orab, Ohio 45154, | |
| **BROWN COUNTY EDUCATIONAL SERVICE CENTER** c/o Jim Ferguson, President 9231 Hamer Road Georgetown, Ohio 54121 | |
| **DONALD RABOLD,** individually and in his capacity as **BROWN COUNTY EDUCATIONAL SERVICE CENTER** Support Services Officer 1250 Sullivan Road West Union, Ohio 45693 | |
| **DEFENDANTS.** | |

**COMPLAINT**

NOW COME Plaintiffs, by and through counsel, and for Plaintiffs' causes of action, state as follows:

### I. *NATURE OF CASE*

1. This is an action for damages and redress for deprivation of rights secured by Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(d) and Section 1983 of the Civil Rights Law, 42 U.S.C. §1983.

### II. *PARTIES, JURISDICTION, AND VENUE*

2. At all times relevant herein, Plaintiffs were residents of the Village of Mt. Orab, State of Ohio.

3. At all times relevant herein, Plaintiff E. F. was a student in the Western Brown School District and was enrolled at Western Brown Middle School and High School respectively.

4. Plaintiff E. F. is biracial male of African-American and Caucasian descent born on October 15, 1997.

5. Prior to transferring to Western Brown School District in 2011, E.F. attended school in Cincinnati, Ohio.

6. At all times relevant herein, Defendant Western Brown School District was, and still is, a school district established pursuant to the laws of the State of Ohio with offices located in the Village of Mt. Orab, Ohio.

7. At all times relevant herein, Defendant Western Brown Local Board of Education, was established pursuant to the laws of the State of Ohio and has the obligation to supervise the Western Brown School District and its employees.

8. At all times relevant herein, less than one percent of the student population within the Western Brown School District is African-American.

9. At all times relevant herein, Defendant Western Brown School District and Western Brown Local Board of Education are the recipients of federal funding.

10. At all times relevant herein, Plaintiff Kelly Bishop-Fulton was, and continues to be, a Spanish teacher for the Western Brown High School.

11. Upon information and belief, at all times relevant herein, Defendant Western Brown School District had an agreement with Defendant Brown County Educational Service Center to provide services to the Defendant School District pursuant to Ohio Revised Code §3313.843.

12. Upon information and belief, at all times mentioned herein, Defendant Brown County Educational Service Center was a recipient of federal funding.

13. At all times relevant herein, Defendant Donald Rabold was the Support Services Officer for the Defendant Brown County Educational Service Center and acted under color of law while investigating complaints of racial discrimination and harassment within the Western Brown School District.

14. Jurisdiction is invoked pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(d) and 42 U.S.C. §1983 and the United States Constitution.

15. Venue is proper in the United States Court for the Southern District of Ohio, Western Division, as the conduct giving rise to this cause of action occurred in Brown County, Ohio.

### *III. FACTS*

16. Plaintiffs incorporate the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Starting in November 2011, and until his withdrawal as a student from Western Brown High School, Plaintiff E.F. was subject to a course of racial harassment, bigotry and epitaphs from teachers and students, despite repeated requests by the Plaintiffs to the school to stop the disparaging conduct and remarks.

18. On or about November 1, 2011, during his first semester as an eighth grade student at Western Brown Middle School, Plaintiff E. F. was subject to a racial stereotypes from Mr. John Baird, the social studies teacher, during classroom instruction.

19. Mr. Baird warned the students that Cincinnati could be a very dangerous place and advised them that people should carry a gun when visiting because it was easy to take a wrong turn and end up in neighborhoods that "were NOT white," which he described as "very scary."

20. Plaintiff E. F. was the only non-white student in class and he had recently transferred from Cincinnati.

21. Plaintiffs complained to the Western Brown Middle School principal, Sabrina Armstrong, who admitted that she was unaware of how to handle these complaints.

22. Mr. Baird apologized to E. F. and the class for the race-based description of Cincinnati, but did not retract his negative racial comments and instead gave a Powerpoint presentation on the nice areas in Cincinnati to visit.

23. On or about January 15, 2012, during the second semester of his eighth grade year, Plaintiff E. F. was subject to ongoing racial harassment from other students such as "go back to the ghetto where you came from," and "I'm gonna punch you in your face. You think you are white."

24. Plaintiff E.F. reported these comments to Western Brown Middle School assistant principal, Ms. Lillian Cook. Ms. Cook questioned the individuals involved but no known discipline was administered.

25. On May 1, 2012, Mr. Dale Fulton met with Western Brown Middle School principal, Christopher Burrows, to discuss ongoing lunch table discussions where other students regularly made derogatory racial remarks to Plaintiff E.F., including one student describing black people as 'never being as good as white people at anything.'

26. One student received an in-school suspension from Principal Burrows and the other students began to ignore Plaintiff E.F. entirely.

27. On or about April 30, 2012, a female student called Plaintiff E.F. a "nigger" while they were playing basketball in the school gym.

28. Plaintiff E.F. reported the incident to Assistant Principal Ms. Cook, but no known discipline was administered.

29. On or about February 10, 2013, Plaintiff E.F. was subject to repeated racial comments in class from other students describing "blacks" as thieves and criminals. One student

claimed that "blacks" were only good athletes because "they have extra muscles in their legs."

30. Plaintiff E.F. reported these incidents to Western Brown High School principal, Ms. Heather Cooper, and explained that he felt very uncomfortable and had tried multiple times to ask the students to stop.

31. There was no follow up meeting with E.F., nor was any known report made or discipline administered by the Defendant Western Brown School District.

32. On or about October 29, 2013, students blamed Plaintiff E.F. for reporting cheating to the chemistry teacher and repeatedly called Plaintiff E.F. a "nigger-nark."

33. The chemistry teacher clarified to the class that the reports did not come from Plaintiff E.F. The students' use of the racial epitaphs continued, and no further action was taken by Defendant Western Brown School District to stop the harassing behavior.

34. On or about November 1, 2013, Plaintiff E. F.'s American history teacher, Mr. Wendel Donathon, described the white man as "the most discriminated group in the history of our country," and attributed the white man's loss of jobs to Affirmative Action.

35. Plaintiff E.F. was the only African American student in the class at the time of Mr. Donathon's discussion and was alienated by the one-sided discussions.

36. Mr. Donathon regularly marked correct answers wrong on Plaintiff E.F.'s school work.

37. Plaintiff Dale Fulton personally met with Mr. Donathon on numerous occasions about the racial comments and Plaintiff E.F.'s mismarked school work. Mr. Donathon explained that mismarking Plaintiff E.F.'s work was a simple mistake. Each time, Mr. Donathon credited the points back to Plaintiff E.F., but only after Plaintiff Dale Fulton questioned the inaccurate grading.

38. On or about January 21, 2014, Plaintiff E.F. and another teammate overheard a third teammate say, "[E.F.] is the reason I hate black people." The witnessing teammate reported the incident to the basketball coach, Quade Foster.

39. The student denied making the statement and was not disciplined.

40. On or about February 22, 2014, the words "No Niggers Allowed" were carved into a chalkboard in the visiting team's locker room and were discovered by Shroder High School basketball players before their game against Western Brown High School. Shroder High school has a high percentage of African American students and is located in the Cincinnati area.

41. While the graffiti was removed from the locker room, the administration failed to address the incident with the staff or provide them direction on how to address student comments or concerns regarding the incident.

42. On or about March 10, 2014, Plaintiff E.F. walked in to class on crutches, carrying a backpack, due to an injury. Backpacks were not normally permitted in class but Plaintiff E.F. had permission to use a backpack because of the crutches.

43. When Plaintiff E.F. entered class with a backpack, another student commented that he wished he was "black and had crutches so he could bring a gun to school and start shooting people."

44. On or about March 14, 2014, Plaintiff E.F. revealed that he would be transferring out of the Western Brown School District due to the pervasive, continuing racial harassment and fear for his own safety.

45. The following Tuesday, on March 18, 2014, the Western Brown High School principal, Heather Cooper, contacted Defendant Brown County Educational Service Center to

report the complaints of bullying and harassment occurring at Western Brown High School.

46. An investigation was commenced by Defendant Donald Rabold the following day, March 19, 2014, in which mostly minority students, without parental permission, were questioned about Plaintiff E.F.'s ongoing complaints of racial harassment.

47. The report includes numerous acknowledgments by minority students of racial discrimination and bullying present in the Western Brown School District. Nevertheless, Defendant Donald Rabold's report concluded no wrongdoing on the part of Defendant Western Brown School District, despite the failure of the school to address the systemic and pervasive harassment going on within the school district.

48. Plaintiff E.F. was treated differently than other similarly situated students by being blamed for the hostile environment when students harassing him went unpunished; by being consistently subject to racial epitaphs and comments from both students and staff; by being forced to transfer schools as a result of the Defendants' failure to act; and by not having his concerns or complaints addressed until after he announced he was leaving the Western Brown School District.

49. As a result of the harassment on the basis of race, and the Defendants' deliberate indifference to the harassment, Plaintiff E.F. suffers and continues to suffer severe psychological damage, depression, distress, trauma, nervousness, anxiety, embarrassment and fear.

*FIRST CAUSE OF ACTION*

*(Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d))*

50. Plaintiffs incorporate the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. Defendants exhibit a deliberate indifference to the harassment of the Plaintiff E.F. when they knew, or should have known, that the harassment was pervasive.

52. The harassment of Plaintiff E.F. was severe, pervasive and offensive and conducted on a regular basis.

53. Due to the ongoing harassment and the failure of Defendants to take action to stop the harassment, Plaintiff E.F. felt his only option was to leave the school district.

54. The actions of the Defendants, in failing to stop the harassment, violated and continue to violate the provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(d), which states that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

55. Defendants knew that Plaintiff E.F. was being harassed because of his race, failed to take action against the students harassing him, and as a result, Plaintiff E.F. was unable to participate in and was denied the benefits of attending middle school and high school.

56. As a result of the harassment on the basis of color, Plaintiff E.F. suffers and continues to suffer psychological damages, depression, distress, trauma, nervousness, anxiety, embarrassment and fear.

57. As a result of the harassment on the basis of color, Plaintiff E.F. must live separately from his family and incur the expense of attending a private school located approximately fifty (50) miles from his parents' home.

## IV. *SECOND CAUSE OF ACTION*

(Violation of Section 1983 of the Civil Rights Law, 42 U.S.C. §1983)

58. Plaintiffs incorporate the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59. The harassment of Plaintiff E.F. and the failure of the Defendants to take action to stop it, violated and continue to violate the Plaintiff E.F.'s rights under the Fourteenth Amendment to the Constitution of the United States.

60. Plaintiff E.F. has the right to be free from racially motivated abuse and harassment, from a hostile and discriminatory environment and has the right to protection from and against the hostile and discriminatory environment.

61. Defendants denied Plaintiff E.F. his right to equal protection under the Fourteenth Amendment.

62. Plaintiff E.F. was treated differently from similarly situated students in his schools.

63. Plaintiff E.F. was denied access to the schools through the acts and/or omission of the Defendants.

64. Defendants aided and encouraged the hostile environment by their actions and their deliberate inaction in failing to stop the behavior.

65. The actions of the Defendants violate Section 1983 of the Civil Rights Law, 42 U.S.C. §1983,

66. The violation of Plaintiff E.F.'s civil rights by the students, teachers and staff was ratified by the Western Brown Board of Education, the Western Brown School District, the Brown County Educational Service Center, and Donald Rabold, because they failed to act when they knew and/or should have known of the hostile environment.

67. Defendants' actions were willful, intentional, malicious and constituted a depraved indifference to Plaintiff E.F.'s rights, which entitles Plaintiff E.F. to punitive damages against the Defendants.

## V. *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Issuance of a Declaratory Judgment that the acts, policies, practices and procedures of Defendants complained of herein, violated and continue to violate the rights of the Plaintiff E.F. under Title VI of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(d) et seq., and §1983;

2. On the First and Second Causes of Action, award Plaintiff E.F. compensatory damages in the amount of one hundred and fifty thousand dollars ($327,000.00);

3. For the willful, intentional, malicious and depraved indifference to Plaintiff E.F.'s rights, award Plaintiff E.F. one million ($1,000,000.00) in punitive damages;

4. Attorneys' fees, costs of court and disbursement of this action;

5. For such further and other relief the Court deems appropriate.

Plaintiffs demand a trial by jury.

Respectfully submitted,

    */s/ Sonia T. Walker*
    Sonia T. Walker (0070422)
    Calig Law Firm, LLC
    513 East Rich Street, Suite 210
    Columbus, OH 43215
    Phone: (614) 252-2300
    Fax: (614) 252-2558
    Email: swalker@caliglaw.com
    *Attorney for Plaintiffs*

    */s/ Eric A. Jones*

Eric A. Jones (0081670)
Jones Law Group, LLC
513 East Rich Street
Columbus, OH 43215
Phone: (614) 545-9998
Fax: (614) 573-8690
Email: ejones@joneslg.com
*Attorney for Plaintiffs*